UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA WOOD, | Case No. 3:22-cv-00515-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| CITY AND COUNTY OF NIAGARA FALLS, | |
| Defendant. | |

*Pro se* Plaintiff Andrea Wood brings this action claiming violation of 42 U.S.C. § 1983 for violation of the Fourth Amendment as well as breach of contract. (ECF No. 1-1.) Before the Court are: (1) the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 3), recommending that this action be dismissed for lack of personal jurisdiction over the defendant; and (2) Plaintiff's motion to extend time to file an objection (ECF No. 5). Notwithstanding the significant amount of time that has passed since Plaintiff filed her motion to extend time, to date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and will dismiss this case without prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends dismissal of this action without prejudice due to lack of personal jurisdiction over the defendant because the only named defendant is Niagara Falls County, New York, and there are no factual allegations tying the defendant to the District of Nevada. (ECF No. 3 at 4.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

The R&R was filed on November 29, 2022, and objections to the R&R were due on December 13, 2022. On February 16, 2023, Plaintiff filed a motion to extend time to respond to the R&R. (ECF No. 5.) Plaintiff sought an extension of 45 days, and 45 days from the date the motion was filed was April 7, 2023. Although the Court did not rule on the motion to extend time before April 7, 2023, that date has passed by a significant margin and Plaintiff has not filed an objection to the R&R. Because of the significant amount of time that has already elapsed and because Plaintiff alleges no facts to connect the defendant to the District of Nevada, the Court will not reopen the objection period.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed without prejudice to the extend Plaintiff can assert plausible claims for relief in the correct court.

It is further ordered that Plaintiff's motion to extend time (ECF No. 5) is granted *nunc pro tunc.*

The Clerk of Court is directed to administratively close this case.

DATED THIS 19th day of July 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE